UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BARRINGTON DILES,

                    Petitioner,
  v.                                              9:20-CV-0814
                                                              (MAD)
FEDERAL BUREAU OF PRISONS,

                    Respondent.
_____

APPEARANCES:                                              OF COUNSEL:

BARRINGTON DILES
19-R-1703
Petitioner, pro se
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

HON. ANTIONETTE T. BACON                      EMER M. STACK, ESQ.
Acting United States Attorney for the            Ass't United States Attorney
Northern District of New York
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261

MAE A. D'AGOSTINO
United States District Judge

# DECISION and ORDER

**I.    INTRODUCTION**

      Petitioner Barrington Diles seeks federal habeas corpus relief pursuant to 28 U.S.C. §2241.  Dkt. No. 1, Petition ("Pet.").  Respondent opposed the petition.  Dkt. No. 10. Petitioner did not file a reply.

**II.    BACKGROUND**

      "On May 10, 2016, Petitioner was conditionally released from New York State custody

to parole supervision." Dkt. No. 10-1, Stopps Declaration ("Stopps Decl."), ¶ 4; Dkt. No. 10-2 at 2.[1] On August 26, 2016, "Petitioner was arrested by New York state authorities for attempted criminal possession of a weapon in the third degree . . . [and] prosecuted for that offense in Kings County Supreme Court[.]" Stopps Decl. ¶ 5; Dkt. No. 10-3 (Uniform Sentence and Commitment Order).

"On October 25, 2017, a superseding indictment . . . charg[ing] Petitioner with conspiracy to traffic narcotics[] was filed in the United States District Court for the Eastern District of New York[ ("Eastern District").]" Stopps Decl. ¶ 6; Dkt. No. 10-4 at 2-10 (Superceding Indictment from the Eastern District) . "On October 31, 2017, Petitioner was 'borrowed' from state custody pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum in order to appear for prosecution in the . . . Eastern District . . . However, New York State authorities retained primary custodial jurisdiction over [petitioner] at that time, consistent with BOP Program Statement 5880.28[.]" Stopps Decl. ¶ 7.[2]

"On August 1, 2018, Petitioner was sentenced by Kings County Court to an indeterminate term of imprisonment of one-and-a-half to three years, following his guilty plea to the offense of attempted criminal possession of a weapon in the third degree." Stopps Decl. ¶ 8; Dkt. No. 10-2 at 2.

"On October 3, 2018, Petitioner was sentenced in the . . . Eastern District . . . to a 77-month term of imprisonment for narcotics trafficking conspiracy. The district court ordered

---

[1] With the exception of the Stopps Declaration, the cited page numbers refer to those generated by the Court's electronic filing system.

[2] The BOP Program Statement provides that "[t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for 'writ' custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody." Stopps Decl. ¶ 7; Dkt. No. 10-10 at 2.

this term of imprisonment to run concurrently with Petitioner's undischarged New York State term of imprisonment." Stopps Decl. ¶ 9; Dkt. No. 10-6 at 2-7; Pet. at 5.

"On February 1, 2019, Petitioner was returned to state custody with a federal detainer." Stopps Decl. ¶ 10; Dkt. No. 10-5 at 3. "[T]he [Bureau of Prisons ("BOP")] designated the New York State Department of Corrections and Community Supervision as the place for Petitioner to serve his federal sentence. Because Petitioner's federal sentence was ordered to run concurrently with his state sentence, his federal sentence commenced on October 3, 2018, [and] . . . Petitioner's projected release date was March 21, 2024, and he was awarded no jail credit." Stopps Decl. ¶ 12; Dkt. No. 10-7 at 3-4.

### III.  PETITION

Petitioner challenges the BOP's calculation of his sentence. *See* Pet. Specifically, Petitioner contends that he qualifies – per *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) and the BOP Program Statement 5880.28 – to "receive credit towards his federal sentence for all non-federal presentence custody that occurred after the United States Marshals lodged a warrant against the Petitioner, on or about October 31st, 2017 . . . until his federal sentenced commenced on or about October 3rd, 2018 . . . ." *Id.* at 6-7.

On January 13, 2020, Petitioner sought review of the BOP sentencing calculation. Pet. at 7-8, 13. On February 11, 2020, Petitioner received a denial letter from the Operations Manager at the BOP's Designations and Sentence Computation Center ("DSCC") which explained Petitioner was not qualified for credit for the time he was on a writ, and borrowed from state custody, because that time was already applied to his state sentence. *Id.* at 13. Sometime shortly thereafter, Petitioner appealed to the BOP Northeast Regional Office. *Id.*

3

at 15.  On March 12, 2020, the BOP denied Petitioner's request for the reasons stated above.  *Id.* at 8, 15.  Petitioner argues that there are "<u>no</u> other administrative remedies . . . available . . . to the petitioner while he is imprisoned in state custody."  *Id.* at 8 (emphasis in original).

Petitioner seeks relief in the form of approximately eleven months and five days of presentence credit under the *Willis* exception.  Pet. at 8-9.

IV.   **DISCUSSION**

   A.   **Petition is Premature**

Respondent first opposes the petition because it is premature.  Dkt. No. 10 at 6-7.  However, given petitioner's transfer to BOP custody, respondent's argument need not be further discussed.  *See* BOP Inmate Lookup at https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (searching for "Barrington Diles" and BOP Register Number "90472-053" and finding Petitioner located at FCI Petersburg); DOCCS Inmate Lookup at http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120 (indicating "Barrington Diles" was released on 12/24/20).

   B.   **Petition is Meritless**

Respondent next argues that the petition should be denied "because the BOP has awarded Petitioner all available credit toward his federal sentence."  Dkt. No. 10 at 7-11.  The Court agrees.

The Second Circuit has consistently held that "[t]he Bureau of Prisons, and not the courts, determines when a[n inmate's] sentence starts and whether the [inmate] should receive credit for any prior time spent in custody."  *United States v. Montez-Gaviria*, 163 F.3d

697, 700-701 (2d Cir. 1998) (citing cases).  "However, if a[n inmate] disputes the BOP's calculation, he or she may seek judicial review of any jail-time credit determination by filing a habeas corpus petition under 28 U.S.C. § 2241 after exhausting administrative remedies." *Greer v. Hudson*, No. 9:13-CV-0345 (JKS), 2014 WL 2815800, at *2 (N.D.N.Y. June 23, 2014) (citing *United States v. Wilson*, 503 U.S. 329, 335-36 (1992)).

Federal law provides that "[a] sentence to a term of imprisonment commences on the date the [inmate] is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a); *see also Greer*, 2014 WL 2815800, at *2 (explaining "[a] federal sentence commences when a[n inmate] is received by the Attorney General of the United States for service of his federal sentence.").  The BOP Program Statement further explains that

> [i]f the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in <u>exclusive</u> federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition, even if a state sentence is running along concurrently.

Dkt. No. 10-11 at 2, Program Statement 5880.28.

Federal law also dictates when and how an inmate will receive credit for prior custody. 18 U.S.C. § 3585(b).  Specifically, an inmate

> shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the [inmate] was arrested after the commission of the offense for which the

>> sentence was imposed;
>
> that has not been credited against another sentence.

*Id.* Awarding a prisoner with double credit for time that has already been counted against another sentence is strictly prohibited. *Id.*; *see also Werber v. United States*, 149 F.3d 172, 173 (2d Cir. 1998) ("18 U.S.C. § 3585(b) bars double-counting."); *Greer v. Hudson*, No. 9:13-CV-0345 (JKS), 2014 WL 2815800, at *3 (N.D.N.Y. June 23, 2014) ("The additional credit [petitioner] seeks is plainly barred by the operation of 18 U.S.C. § 3585(b)."). Therefore, in

> [c]ases involving both state and federal terms of imprisonment . . . a federal sentence is not automatically triggered by the prisoner's transfer to federal custody. . . . [W]here there is a preexisting sentence, primary custody remains vested in the sovereign that first arrests the individual until it relinquishes its priority . . . [Therefore,] while a prisoner may be . . . "loaned" to federal custody pursuant to a writ of habeas corpus ad prosequendum, the state sentence remains operative.

*Crosson v. Recktendald*, No. 1:14-CV-1865, 2015 WL 694831, at *4 (S.D.N.Y. Feb. 18, 2015); *see also United States v. Smith*, 812 F. Supp. 368, 370 (E.D.N.Y. 1993) ("A federal sentence does not begin to run, however, when a[n inmate] is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum.").

There are limited exceptions to the rule against providing double-credit, one of which is the *Willis* credit that Petitioner references. Pet. at 6-8.

> Pursuant to BOP Program Statement . . . 5880.28 . . . a federal prisoner is entitled to *Willis* credits when: (1) his federal and state sentences are concurrent; and (2) his federal sentence is to run longer than the state sentence (not counting any credits). When the prisoner meets both criteria, he is entitled to credits on his federal sentence, calculated as follows:
>
>> Prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that his first

6

> sentence begins to run, federal or non-federal. These time
> credits are known as *Willis* time credits.

*Dixon v. Beckstrom,* No. 0:11-CV-0079, 2011 WL 3608529, at *1 n.2 (E.D.Ky. Aug. 16, 2011) (explaining how *Willis* credits are calculated and apply); *see also* Dkt. No. 10-13 at 3-4 (excerpt of BOP Program Statement 5880.28 regarding *Willis* credits).

Here, Petitioner challenges how the BOP calculated his federal sentence after seeming to successfully exhaust his administrative remedies.  Pet. at 7-8, 13-15.[3]  Therefore, Petitioner has properly executed a claim for federal habeas relief, pursuant to section 2241, seeking review of how the BOP credited a portion of Petitioner's prior incarceration.

Next, the Court must determine whether the BOP properly credited Petitioner with all available *Willis* credits.  "Petitioner's three-year state sentence commenced on August 1, 2018, resulting in [his state sentence concluding] on July 31, 2021."  Stopps Decl. ¶ 14. "Petitioner's 77-month federal sentence commenced on October 3, 2018, resulting in [a federal end] date of March 2, 2025."  *Id.*  Therefore, because (1) both Petitioner's federal and state sentences ran concurrently and (2) his federal sentence ran longer than his state sentence, he was entitled to *Willis* credit.  *Id.*; *see also Dixon*, 2011 WL 3608529, at *1 n.2; Dkt. No. 10-13 at 3-4.  Accordingly, "Petitioner was awarded 540 days of non-federal presentence custody credit toward his federal sentence pursuant to *Willis*, representing the period of February 7, 2017, which was the date of the federal offense, through July 31, 2018, the date prior to the [state] sentence being imposed."  Stopps Decl. ¶ 14 (citing Dkt. No. 10-8 at 2-3).

Petitioner contends that he is also entitled to federal sentencing credit for the time

---

[3] Respondent did not argue that petitioner failed to properly exhaust his administrative remedies.

period of August 1, 2018, through October 3, 2018.[4]   He is incorrect.  For that entire duration, Petitioner was in temporary federal custody, "borrowed" for purposes of his federal prosecution through a writ of habeas corpus ad prosequendum.  Stopps Decl. ¶¶ 7, 10; Dkt. No. 10-5 at 3.  Accordingly, the state was still considered Petitioner's primary custodian.  Dkt. No. 10-11 at 2; *Crosson*, 2015 WL 694831, at *4; *Smith*, 812 F. Supp. at 370.  Because that entire time period was credited towards petitioner's state sentence, the time cannot be double-counted and also apply towards his federal sentence. 18 U.S.C. § 3585(b); *Werber*, 149 F.3d at 173, *Greer,* 2014 WL 2815800, at *3.  In sum, the BOP properly calculated and credited Petitioner's time between October 31, 2017, and October 3, 2018, to his state sentence.  Therefore, Petitioner is not entitled to any habeas relief.

## V. CONCLUSION

**WHEREFORE**, it is

 **ORDERED** that the petition, Dkt. No. 1, is **DENIED AND DISMISSED** in its entirety; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 5, 2021
      Albany, New York

/s/ Mae A. D'Agostino
Mae A. D'Agostino
U.S. District Judge

---

[4] The petition seeks federal credit to be applied to his sentencing calculation beginning on October 31, 2017; however, for the aforementioned reasons, petitioner did receive *Willis* credit towards his federal sentence from October 31, 2017, through July 30, 2018.  Accordingly, since petitioner has already received some of the requested relief, all that remains for this Court to consider is the time period after July 31, 2018.